DEBORAH S. TROPP, ESQ. – BAR NO. 162613
LAURA G. LOPEZ, ESQ. – BAR NO. 318514
McNEIL TROPP & BRAUN LLP
2 Park Plaza, Suite 620
Irvine, California 92614
Ph: (949) 259-2890; Fax: (949) 259-2891
dtropp@mtbattprneys.com; llopez@mtbattorneys.com

Attorneys for Defendant COSTCO WHOLESALE CORPORATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| ARACELI TAYAG, <br><br> Plaintiff, <br><br> vs. <br><br> COSTCO WHOLESALE CORPORATION; and DOES 1 to 50, Inclusive, <br><br> Defendants. | CASE NO. 8:22-cv-1019 <br><br> **DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) (DIVERSITY)** <br><br> COMPLAINT FILED: November 29, 2021 |

**TO THE CLERK OF THE ABOVE ENTITLED COURT, PLAINTIFF, ARACELI TAYAG, AND TO HER COUNSEL OF RECORD:**

**NOTICE IS HEREBY GIVEN** that Defendant, COSTCO WHOLESALE CORPORATION, a Washington Corporation ("Defendant"), hereby removes this action from the Superior Court of the State of California, County of Orange, Central District, to the United States District Court, Central District of California, Southern Division and sets forth in support of its Notice of Removal of Action the following:

1.  On November 29, 2021, Plaintiff, ARACELI TAYAG ("Plaintiff"), commenced an action against Defendant by filing a Summons and Complaint in the

1  Superior Court of California, County of Orange, Case No. 30-2021-01233683-CU-
2  PA-CJC (A true and accurate copy of Plaintiff's Summons, Complaint, Certificate
3  of Assignment, and Civil Case Cover Sheet are attached as Exhibit A to the
4  Declaration of Deborah S. Tropp.)

5      2.    On February 22, 2022, Defendant filed an Answer, Declaration of Trial
6  Attorney, and Jury Demand. (A true and accurate copy of the Answer, Declaration
7  of Trial Attorney, and Jury Demand is attached to the Declaration of Deborah S.
8  Tropp as Exhibit B).

9      3.    On April 20, 2022, Defendant received Plaintiff's written discovery
10 responses to its propounded discovery.

11     4.    Plaintiff identified in her response to Form Interrogatory 6.4 that the
12 claimed medical expenses at issue as a result of the incident total $77,603.81. (A
13 true and accurate copy of Plaintiff's Form Interrogatory Responses to Form
14 Interrogatory 6.4 is attached to the Declaration of Deborah S. Tropp as Exhibit C).

15     5.    Defendant has filed this Notice pursuant to 28 U.S.C. § 1446(b) in a
16 timely fashion, in that this Notice has been filed within one year of the
17 commencement of the action and within thirty days after receipt by the Defendant,
18 through service or otherwise, other paper from which it may first be ascertained that
19 the case is one which is or has become removable. See <u>Mix v. Allstate Ins. Co.</u>, No.
20 CV 00–835 RCTX, 2000 WL 1449880 (C.D. Cal. April 19, 2000).

### **Complete Diversity Exists**

22     6.    This action wholly involves citizens of different states. At the time this
23 action was commenced, and since that time, Plaintiff was and is a resident and citizen
24 of the State of California, with her domicile in the State of California. (*See* Tropp
25 Dec. at ¶ 3.)

26     7.    Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be
27 a citizen of any State by which it has been incorporated and of the State where it has
28 its principal place of business." Defendant was, at the time of the filing of this action,

2

and still is, a citizen of the State of Washington, where it has its principal place of business and where it is incorporated. (*See* **Exhibit D** to Tropp Decl.; Tropp Decl. ¶ 4.)

8. Pursuant to 28 U.S.C. §1441(a), the fictitious defendants named in the complaint are disregarded for purposes of determining the existence of diversity citizenship.

### The Amount in Controversy Requirement is Satisfied

9. Plaintiff filed an unlimited civil complaint seeking monetary damages in excess of $25,000.00. In the complaint, and as a result of the trip and fall incident, Plaintiff claims to have suffered: (1) wage loss; (2) hospital, medical and incidental expenses; (3) general damages; and (4) loss of earning capacity. (See Complaint at p. 4)

10. Defendant propounded discovery on Plaintiff in the form of Form Interrogatories, Special Interrogatories, and Request for Production and on February 22, 2022, Plaintiff provided written discovery responses.

11. Plaintiff identified in her response to Form Interrogatory 6.4 that her claimed medical expenses as a result of the incident totals $77,603.81.

12. Thus, based on the facts provided above, the amount in controversy, exclusive of interest and costs, is in the excess of $75,000.00. This Court therefore has original jurisdiction of this action under 28 U.S.C. § 1332 and, because Defendant is not a citizen or resident of the State of California, wherein this action is pending, removal of the action to this court is proper under 28 U.S. Code § 1441(a).

### The Other Requirements for Removal Are Met

13. A copy of the Notice to Adverse Parties of Removal of the Case to Federal Court, which is attached to this Notice, will be filed with the Superior Court of California, County of Orange and served on all involved parties to this action. (A true and correct copy of the Notice to Adverse Parties of Removal of Case to Federal

1  Court is attached to the Declaration of Deborah S. Tropp as **Exhibit E**.)

2      14.    Removal to this Court is proper as the Superior Court of the State of
3  California, County of Orange where this action was originally filed, is located within
4  this district.

5      15.    Plaintiff has been served with this Notice of Removal, and the
6  additional supporting pleadings.

7      WHEREFORE, Defendant, COSTCO WHOLESALE CORPORATION,
8  prays that this action be removed to this Court.

9  DATED: May 19, 2022                                        McNEIL TROPP & BRAUN LLP

By: *[signature]*
DEBORAH S. TROPP
LAURA G. LOPEZ
Attorneys for Defendant COSTCO
WHOLESALE CORPORATION

# CERTIFICATE OF SERVICE

I hereby certify on May 19, 2022, I electronically filed the foregoing: **DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) (DIVERSITY)** with the Clerk of the Court for the United States District Court, Central District of California by using the Central District CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the USDC-Central District of California CM/ECF system.

I further certify that participants in the case not registered to as CM/ECF users have been mailed a true and correct copy of the above described documents by First Class Mail, postage pre-paid, to the following non-CM/ECF participants:

| | |
|---|---|
| Stephano G. Formica, Esq.<br>Formica Law Group, APC<br>619 South La Brea Ave.<br>Los Angeles, CA 90036 | Attorneys for Plaintiff ARACELI TAYAG<br>(323) 272-3334<br>Fax: (323) 272-3926<br>**sformica@formicalawgroup.com** |

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

☑   **FEDERAL:** I declare under penalty of perjury in accordance with 28 U.S.C. Section 1746 that the foregoing is true and correct.

Executed on May 19, 2022, at Irvine, California.

*/s/ Deborah S. Tropp*
DEBORAH S. TROPP