# EXHIBIT "A"

Electronically Filed by Superior Court of California, County of Orange, 11/29/2021 04:07:30 PM.
30-2021-01233683-CU-PA-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Arlene Gill, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COSTCO WHOLESALE and DOES 1 to 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ARACELI TAYAG

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: ORANGE   Judge Stephanie George<br>*(El nombre y dirección de la corte es):*<br>700 Civic Center West<br>Santa Ana, CA 93534 | **CASE NUMBER:** *(Número del Caso):*<br>30-2021-01233683-CU-PA-CJC |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
STEFANO G. FORMICA, ESQ.   619 S. La Brea Ave.   Los Angeles, CA 90036   Tel: (323) 272-3334

| DATE:<br>*(Fecha)* | N 11/29/2021 | | Clerk, by<br>*(Secretaria)* | Arlene Gill | | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|---|---|
| | | DAVID H. YAMASAKI, Clerk of the Court | | | | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Costco Wholesale Corporation

   under: ☑ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 (Rev. July 1, 2009) | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

Electronically Filed by Superior Court of California, County of Orange, 11/29/2021 04:07:30 PM.
30-2021-01233683-CU-PA-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Arlene Gill, Deputy Clerk.

1 | STEFANO G. FORMICA, ESQ [SBN 241958]
2 | **FORMICA LAW GROUP, APC**
   | 619 South La Brea Ave
3 | Los Angeles, CA 90036
   | Tel: (323) 272-3334
4 | Fax: (323) 272-3926

5 | Attorneys for Plaintiff,
6 | ARACELI TAYAG

7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF ORANGE**

10 | Assigned for All Purposes
   | Judge Stephanie George

11 | ARACELI TAYAG,                    ) CASE NO. 30-2021-01233683-CU-PA-CJC
   |              Plaintiff(s),        )
12 |                                   )
   |      vs.                          ) **Unlimited COMPLAINT FOR DAMAGES:**
13 |                                   )
   | COSTCO WHOLESALE CORPORATION,     ) **1. PREMISES LIABILITY**
14 | and DOES 1 to 50 Inclusive,       )
   |                                   ) **2. NEGLIGENCE**
15 |                                   )
   |              Defendant(s).        ) **3. NEGLIGENT RETENTION,**
16 |                                   )    **HIRING, AND SUPERVISION**
   |                                   )
17 |                                   ) *[Demand for Jury Trial]*

18

19 |         COMES NOW, Plaintiff ARACELI TAYAG and for Causes of Action against

20 | Defendants, and each of them, complains and alleges as follows:

21 |                      **FIRST CAUSE OF ACTION**
22 |                        **PREMISES LIABILITY**

23 | **[Against Defendants, COSTCO WHOLESALE CORPORATION, and DOES 1 to 50**
24 |                              **Inclusive]**

25 |         1.      Plaintiff is informed and believes, and based thereon alleges, that at all times

26 | herein mentioned, Defendant, COSTCO WHOLESALE CORPORATION was and is now an

27 | active corporation doing business in the County of Orange and throughout the State of

28 | California.

2.      Defendant COSTCO WHOLESALE CORPORATION was doing business as "COSTCO WHOLESALE" at the time of Plaintiff's accident.

3.      The true names and capacities of the Defendants, DOES 1 through 50, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of filing this Complaint and Plaintiff, therefore, sues said Defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names or capacities when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the DOE Defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to the Plaintiff as herein alleged.

4.      ARACELI TAYAG, hereinafter referred to as "Plaintiff" is a natural person who is, and at all times mentioned in this complaint, a resident of the County of Orange, State of California.

5.      At all times mentioned in this complaint, Defendants COSTCO WHOLESALE CORPORATION and DOES 1 through 50 owned and operated the "COSTCO WHOLESALE" located at 33961 Doheny Park Rd., San Juan Capistrano, CA 92675-4836, hereinafter referred to as the "COSTCO WHOLESALE."

6.      Defendants invited the general public, including, Plaintiff, to enter the premises of "COSTCO WHOLESALE" to purchase various goods and products.

7.      On October 14, 2020, at the "COSTCO WHOLESALE" Defendants and each of their agents/employees so negligently owned, controlled, supervised, managed, maintained and operated said premises so as to proximately cause Plaintiff to trip and fall, causing Plaintiff's injuries and related damages. At the time of the subject accident, Plaintiff was walking out of the store when she tripped and fell over a utility cart left directly in the exiting walkway of the store.

8.      As a direct, legal and proximate result of the reckless and negligent conduct of Defendants COSTCO WHOLESALE CORPORATION and DOES 1 through 50, inclusive, Plaintiff was compelled to, and did, employ the services of hospitals, physicians, surgeons, nurses, and the like, to care for and treat her injuries, the exact amount of such losses to be stated according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

9.      As a direct, legal and proximate result of the reckless and negligent conduct of Defendants COSTCO WHOLESALE CORPORATION and DOES 1 through 50, inclusive, Plaintiff suffered lost earnings and earning capacity, and property damages, the exact amount of such losses to be stated according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

10.     As a direct, legal and proximate result of the conduct of Defendants COSTCO WHOLESALE CORPORATION and DOES 1 through 50, inclusive, Plaintiff was injured in her health, strength, and activity, sustaining injuries to her body and shock and injury to her nervous system and person, all of which have caused, and continue to cause her great physical, mental, and nervous pain and suffering.  Plaintiff is further informed and believes, and thereupon alleges, that said injuries will result in at least temporary disability to her person, all to her general damage in an amount which will be stated according to proof, pursuant to California *Code of Civil Procedure § 425.10.*

## SECOND CAUSE OF ACTION
## NEGLIGENCE

**[Against Defendants, COSTCO WHOLESALE CORPORATION, and DOES 1 to 50 Inclusive]**

11.     Plaintiff repeats and re-alleges Paragraphs 1 through 10, inclusive, and incorporates the same herein by reference.

12.     Plaintiff is informed, believes and thereon alleges that at all relevant times hereto, that Defendants, COSTCO WHOLESALE CORPORATION, through various departments and/or agencies, and DOES 1 through 50, inclusive, owned, operated and managed the "COSTCO WHOLESALE", located at 33961 Doheny Park Rd., San Juan Capistrano, CA 92675-4836.

13.     On October 14, 2020, at the "COSTCO WHOLESALE", Defendants and each of their agents/employees so negligently owned, controlled, supervised, managed, maintained, and operated said premises so as to proximately cause Plaintiff to trip and fall, causing Plaintiff's injuries and related damages. At the time of the subject accident, Plaintiff was walking out of the store when she tripped and fell over a utility cart left directly in the exiting walkway of the store.

14.     At all times mentioned in this complaint, Defendants COSTCO WHOLESALE CORPORATION, and DOES 1 through 50 owned and operated the "COSTCO WHOLESALE" located at 33961 Doheny Park Rd., San Juan Capistrano, CA 92675-4836, hereinafter referred to as the "COSTCO WHOLESALE."

15.     Defendants invited the general public, including, Plaintiff, to enter the premises of "COSTCO WHOLESALE" to purchase various goods and products.

16.     Defendants and each of them, as owners and operators of "COSTCO WHOLESALE" negligently:

     a.     Failed to maintain the premises of "COSTCO WHOLESALE" in a reasonably safe condition and breached their duty of care to their customers by one if its employees pushing a platform cart directly in the path of Plaintiff and other invited customers;

     b.     Allowed the platform cart to come into contact with Plaintiff and when Defendants knew, or in the exercise of reasonable care should have known, that pushing a platform cart directly in the path of the store's exiting walkway created an unreasonable risk of harm to its customers in the areas that customers walk through;

     c.     Failed to warn Plaintiff and other invited customers of "COSTCO WHOLESALE" of the danger presented by the presence of a platform cart in the walkway;

     d.     Failed to install and/or block off the area where a platform cart was being pushed through;

     e.     Failed to conduct routine inspections during normal business hours to ensure that no dangerous condition existed in an area where Plaintiff and other invited customers walked through;

     f.     Failed to otherwise exercise due care with respect to matters alleged in this complaint.

17.     As a direct, legal and proximate result of the reckless and negligent conduct of Defendants COSTCO WHOLESALE CORPORATION and DOES 1 through 50, inclusive,

16

Plaintiff was compelled to, and did, employ the services of hospitals, physicians, surgeons, nurses, and the like, to care for and treat her injuries, the exact amount of such losses to be stated according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

18.   As a direct, legal and proximate result of the reckless and negligent conduct of Defendants COSTCO WHOLESALE CORPORATION and DOES 1 through 50, inclusive, Plaintiff suffered lost earnings and earning capacity, the exact amount of such losses to be stated according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

19.   As a direct, legal and proximate result of the conduct of Defendants COSTCO WHOLESALE CORPORATION and DOES 1 through 50, inclusive, Plaintiff was injured in her health, strength, and activity, sustaining injuries to her body, and shock and injury to her nervous system and person, all of which have caused, and continue to cause her great physical, mental, and nervous pain and suffering.  Plaintiff is further informed and believes, and thereupon alleges, that said injuries will result in disability to her person, all to her general damage in an amount which will be stated according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

## THIRD CAUSE OF ACTION
## NEGLIGENT HIRING, RETENTION, AND SUPERVISION

**[Against Defendants, COSTCO WHOLESALE CORPORATION, and DOES 1 to 50 Inclusive]**

20.   Plaintiff repeats and re-alleges Paragraphs 1 through 19, inclusive, and incorporates the same herein by reference.

21.   Defendants COSTCO WHOLESALE CORPORATION and DOES 1 through 50, inclusive, knew or should have known that Defendant DOES 1 through 50, inclusive, were unfit and incompetent to perform the services for which they were employed, retained, and supervised including pushing a platform cart at the "COSTCO WHOLESALE."

22.   Defendants knew or should have known that Defendant DOES 1 through 50, inclusive, posed a serious risk of harm to others in that conditions would arise that posed a serious risk of harm to others including Plaintiff and if not properly trained would pose a risk of harm to others including Plaintiff.

23.     That Defendant DOES 1 through 50, inclusive, failed to perform the services they were hired and employed for and did create a hazard that posed a serious risk of harm and injury to others including Plaintiff.

24.     Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendant COSTCO WHOLESALE CORPORATION and DOES 1 through 50, inclusive, were negligent by failing to provide any or sufficient training or supervision to Defendant DOES 1 through 50, inclusive, after hiring them, and retained Defendant DOES 1 through 50, inclusive, as an employee for job performance.

25.     Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendant COSTCO WHOLESALE CORPORATION and DOES 1 through 50, inclusive, owed a duty of care to the public, including Plaintiffs, in the hiring, training, supervision and retention of their agents, employees, servants, and/or independent contractors, which they assigned to perform work-related tasks at the "COSTCO WHOLESALE."

26.     As a direct, legal, and proximate result of the negligence and carelessness of Defendants and each of them, Plaintiff did trip over the platform cart and did sustain serious and permanent injury to her person.

27.     As a direct, legal, and proximate result of the negligent conduct of Defendants COSTCO WHOLESALE CORPORATION and DOES 1 through 50, inclusive, Plaintiff was compelled to, and did, employ the services of hospitals, physicians, surgeons, nurses, and the like, to care for and treat her injuries, the exact amount of such losses to be stated according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

28.     As a direct, legal, and proximate result of the negligent conduct of Defendants COSTCO WHOLESALE CORPORATION and DOES 1 through 50, inclusive, Plaintiff suffered lost earnings and earning capacity, and property damages, the exact amount of such losses to be stated according to proof, pursuant to California *Code of Civil Procedure* § 425.10.

29.     As a direct, legal, and proximate result of the negligent conduct of Defendants COSTCO WHOLESALE CORPORATION and DOES 1 through 50, inclusive, Plaintiff was injured in her health, strength, and activity, sustaining injuries to her body and shock and injury to her nervous system and person, all of which have caused, and continue to cause her great

physical, mental, and nervous pain and suffering. Plaintiff is further informed and believes, and thereupon alleges, that said injuries will result in at least temporary disability to her person, all to her general damage in an amount which will be stated according to proof, pursuant to California *Code of Civil Procedure § 425.10.*

WHEREFORE, Plaintiff ARACELI TAYAG prays for judgment against the Defendants, and each of them, as follows:

(1)     For compensatory damages including damages for lost wages, lost employee benefits, vacation benefits, medical expenses, mental and emotional distress, and other general and special damages according to proof at trial;

(2)     For actual damages, including but not limited to medical and related expenses, in an amount according to proof at trial;

(3)     For pre-judgment interest at the maximum legal rate;

(4)     For post-judgment interest at the maximum legal rate;

(5)     For costs of suit herein incurred;

(6)     For such other relief that at the Court may deem just and proper.

DATED:  November 29, 2021                    FORMICA LAW GROUP, APC

_____

STEFANO FORMICA, ESQ.
Attorneys for Plaintiff,
ARACELI TAYAG

## DEMAND FOR JURY TRIAL

Plaintiff ARACELI TAYAG hereby demands for a trial by jury as to all causes of action.

DATED: November 29, 2021      FORMICA LAW GROUP, APC

                              STEFANO FORMICA, ESQ.
                              Attorneys for Plaintiff,
                              ARACELI TAYAG

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Stefano G. Formica, Esq. [SBN: 241958]<br>FORMICA LAW GROUP<br>619 S. La Brea Ave. Los Angeles, CA 90036<br><br>  TELEPHONE NO.: 323.272.3334  FAX NO. *(Optional):* 323.272.3926<br>ATTORNEY FOR *(Name):* PLAINTIFF Araceli Tayag | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ORANGE**
 STREET ADDRESS: 700 Civic Center Drive, West
 MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
 BRANCH NAME: CENTRAL JUSTICE CENTER

CASE NAME:
  TAYAG v. Costco Corporation

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter | [ ] Joinder | 30-2021-01233683-CU-PA-CJC |
| | | Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Stephanie George<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[x] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [ ] Substantial amount of documentary evidence
  d. [ ] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Three (3) (Negligence, Negligent entrustment, Negligent hiring supervision and retention
5. This case [ ] is [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: November 29, 2021

STEFANO G. FORMICA, ESQ.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courts.ca.gov*

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

# EXHIBIT "B"

DEBORAH S. TROPP, ESQ. – BAR NO. 162613
LAUREN E. RAYA, ESQ. – BAR NO. 322697
CARLY J. ENGLISH, ESQ. – BAR NO. 340721
McNEIL TROPP & BRAUN LLP
2 Park Plaza, Suite 620
Irvine, California 92614
Ph: (949) 259-2890; Fax: (949) 259-2891
dtropp@mtbattprneys.com; lraya@mtbattorneys.com
cenglish@mtbattorneys.com

Attorneys for Defendant COSTCO WHOLESALE CORPORATION

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| ARACELI TAYAG,<br><br><br>Plaintiff,<br><br>vs.<br><br><br>COSTCO WHOLESALE CORPORATION; and DOES 1 to 50, Inclusive,<br><br><br>Defendants. | CASE NO. 30-2021-01233683-CU-PA-CJC<br>UNLIMITED CIVIL CASE<br><br>ASSIGNED FOR ALL PURPOSES TO:<br>JUDGE STEPHANIE GEORGE<br>DEPARTMENT C24<br><br>**ANSWER TO COMPLAINT**<br><br><br>COMPLAINT FILED: November 29, 2021 |

**COMES NOW** Defendant, COSTCO WHOLESALE CORPORATION ("Answering Defendant"), in its Answer to the unverified Complaint filed by Plaintiff, ARACELI TAYAG ("Plaintiff"), admits, denies, and alleges as follows:

## **GENERAL DENIAL**

1. By virtue of and pursuant to the provisions of the <u>California Code of Civil Procedure</u> section 431.30, Answering Defendant both generally and specifically denies each and every allegation contained in said unverified Complaint, and each and every part thereof, and each and every cause of action therein, and further specifically denies that Plaintiff has been injured or

damaged in the sum alleged, or in any other sum, or at all, by reason of any carelessness, negligence, act or omission of Answering Defendant.

## FIRST AFFIRMATIVE DEFENSE

2.      As a first and separate affirmative defense to each cause of action asserted against it, Answering Defendant alleges that each of the causes of action alleged against it fails to state facts sufficient to constitute a cause or causes of action against Answering Defendant.

## SECOND AFFIRMATIVE DEFENSE

3.      As a second and separate affirmative defense to each cause of action asserted against it, Answering Defendant alleges that third parties were careless and negligent in and about the matters alleged in the Complaint, and that said carelessness and negligence on the part of said third parties proximately contributed to the happening of the subject incident and to Plaintiff's injuries, loss and/or damage, if any, allegedly sustained.  Therefore, any damages awarded to Plaintiff shall be diminished in proportion to the amount of fault attributed to said third parties.

## THIRD AFFIRMATIVE DEFENSE

4.      As a third and separate affirmative defense to each cause of action asserted against it, Answering Defendant alleges that Plaintiff was careless and negligent in and about the matters alleged in the Complaint, and that said carelessness and negligence on the part of the Plaintiff proximately contributed to the happening of the incident and to Plaintiff's injuries, loss and/or damage, if any, allegedly sustained.  Therefore, any damages awarded to Plaintiff shall be diminished in proportion to the amount of fault attributed to Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

5.      As a fourth and separate affirmative defense to each cause of action asserted against it, Answering Defendant alleges that should Answering Defendant be found liable to Plaintiff, based upon any theory or cause of action contained in the Complaint, Answering Defendant shall, in relation to non-economic damages pursuant to Civil Code Section 1431.2, be liable only for the amount of non-economic damages allocated to Answering Defendant, in direct proportion to Answering Defendant percentage of fault, as determined by the trier of fact, and Answering Defendant is entitled to and shall request, a separate judgment to be rendered against Answering

Defendant, setting forth said amount.

**FIFTH AFFIRMATIVE DEFENSE**

6.    As a fifth and separate affirmative defense to each cause of action asserted against it, Answering Defendant alleges that the Complaint, and each alleged cause of action appearing therein, fails to state facts, or to allege claims, which would impose joint and several liability for any of the damages claimed by any party against Answering Defendant.  Any liability of Answering Defendant, which liability is expressly denied, would therefore be limited to those injuries, losses or damages, if there were any, for which Answering Defendant's actionable conduct, if any, was a primary contributing factor.

**SIXTH AFFIRMATIVE DEFENSE**

7.    As a sixth and separate affirmative defense to each cause of action asserted against it, Answering Defendant alleges that Plaintiff could have, by the exercise of reasonable diligence, limited or prevented her damages, if any, as a result of the incident and/or transactions alleged in the Complaint and that Plaintiff has failed or refused to do so.  Such failure or refusal on the part of Plaintiff constitutes a failure to mitigate her damages, and any recovery thereof must be diminished or barred by reason thereof.

**SEVENTH AFFIRMATIVE DEFENSE**

8.    As a seventh and separate affirmative defense to each cause of action asserted against it, Answering Defendant alleges that the tortious conduct of Plaintiff and/or others was active and primary compared to the conduct of Answering Defendant, if any, which was passive and secondary. Answering Defendant denies any conduct that was a substantial factor in causing any injury or damages to Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

9.    As an eighth and separate affirmative defense to each cause of action asserted against it, Answering Defendant alleges that this action is barred by the applicable statute(s) of limitation, to wit, by the provisions of the <u>Code of Civil Procedure</u> and all other applicable statutory and decisional limitations of actions, including, but not limited to <u>Code of Civil Procedure</u> Sections 335.1, 337, 337.1, 337.15, 338, 338(1), 338(2), 338(4), 339, 340(3) and/or 343, 583.10 and

3
**ANSWER TO COMPLAINT**

583.420, in that Plaintiff has failed to diligently prosecute said action.

## NINTH AFFIRMATIVE DEFENSE

10.     As a ninth and separate affirmative defense to each cause of action asserted against it, Answering Defendant alleges that any recovery by Plaintiff shall be barred or reduced by any amounts received or receivable as Workers' Compensation Benefits and any lien or action for recovery of Workers' Compensation Benefits shall be barred or reduced in proportion to the negligence of Plaintiffs employers, co-employees and their respective agents.

## TENTH AFFIRMATIVE DEFENSE

11.     As a tenth and separate affirmative defense to each cause of action asserted against it, Answering Defendant alleges that any injury, damage or loss, if any, sustained by the Plaintiff herein was proximately caused and contributed to by negligence on her part, in that she did not exercise ordinary care on her behalf at the time and place set forth in the Complaint, and that such negligence is imputed to Plaintiff herein.

## ELEVENTH AFFIRMATIVE DEFENSE

12.     As an eleventh and separate affirmative defense to each cause of action asserted against it, Answering Defendant alleges that all of the risks and dangers involved in the undertaking in which Plaintiff was engaged at the time and place alleged, were well known to, understood and appreciated by Plaintiff, who knowingly understood and assumed all risks involved in such undertaking.

## TWELFTH AFFIRMATIVE DEFENSE

13.     As a twelfth and separate affirmative defense to each cause of action asserted against it, Answering Defendant alleges that the negligence alleged in the Complaint was not a substantial factor in bringing about the alleged injuries and, therefore, was not a contributing cause, but was superseded by an event that was an independent, intervening, sole and proximate cause of any alleged injury or damage.

## THIRTEENTH AFFIRMATIVE DEFENSE

14.     As a thirteenth and separate affirmative defense to each cause of action asserted against it, Answering Defendant alleges, on information and belief, that Plaintiff is not a proper

party herein and/or lacks capacity and/or standing to bring this action, or some of the causes of action, for damages alleged herein.

**FOURTEENTH AFFIRMATIVE DEFENSE**

15.     For a fourteenth affirmative defense to each and every cause of action alleged against it, Answering Defendant alleges that it exercised reasonable care in inspecting its premises and it was neither on actual nor constructive notice of the alleged dangerous condition, as the alleged dangerous condition did not exist for any period of time that it should have been discovered upon reasonable inspection of the premises.  Thus, Answering Defendant is not liable, as it fulfilled its duty of care.

**FIFTEENTH AFFIRMATIVE DEFENSE**

16.     For a fifteenth affirmative defense to each and every cause of action alleged against it, Answering Defendant alleges, as to each cause of action, that at the time of the accident alleged in the Complaint, the claimed dangerous condition was open and obvious and known or should have been known to Plaintiff.

**SIXTEENTH AFFIRMATIVE DEFENSE**

17.     For a sixteenth affirmative defense to each and every cause of action alleged against it, Answering Defendant alleges, as to each cause of action, that if it had a duty to warn, which allegation is expressly denied, this Answering Defendant at all times fulfilled its alleged duty to warn of the alleged risk associated with the subject property.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

18.     For a seventeenth affirmative defense to each and every cause of action alleged against it, Answering Defendant alleges that the alleged condition of the property set forth in the Complaint did not create a substantial risk of injury but, if any risk existed at all, it constituted merely a minor, trivial or insignificant risk that did not create a dangerous condition on the property and, therefore, this Answering Defendant is not liable for the damages alleged in the Complaint.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

19.     For an eighteenth affirmative defense to each and every cause of action alleged against it, Answering Defendant alleges that it exercised reasonable care in inspecting its premises

1   and it was neither on actual nor constructive notice of the alleged dangerous condition, as the

2   alleged dangerous condition did not exist for any period of time that it should have been discovered

3   upon reasonable inspection of the premises.  Thus, Answering Defendant is not liable, as it fulfilled

4   its duty of care.

5          **WHEREFORE**, Answering Defendant prays that the Plaintiff take nothing by way of her

6   Complaint, and for such other and further relief as this Court may deem just and proper, including

7   costs of suit incurred herein.

8

9   DATED: February  22, 2022                    McNEIL TROPP & BRAUN LLP

10

11                                               By: _____

12                                               DEBORAH S. TROPP
                                                 LAUREN E. RAYA
13                                               CARLY J. ENGLISH
                                                 Attorneys for Defendant COSTCO
14                                               WHOLESALE CORPORATION

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ANSWER TO COMPLAINT**

**PROOF OF SERVICE**
C.C.P. §1013a, C.R.C. 2.301(3), 2.306

STATE OF CALIFORNIA          )
                             ) ss.
COUNTY OF ORANGE             )

      I am employed in the aforesaid County, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 2 Park Plaza, Suite 620, Irvine, California 92614.

      On February 22, 2022, I served the foregoing document described as   **ANSWER TO COMPLAINT** on the interested parties in this action by:

**Placing ____the original __X__ a true copy thereof, enclosed in a sealed envelope, addressed as follows on the attached SERVICE LIST.**

_____ **BY MAIL**:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

_____ **BY FACSIMILE TRANSMISSION**:   From FAX No. (949) 259-2891 the facsimile number(s) and addressee(s) stated on the attached SERVICE LIST. The facsimile machine I used complied with Rule 2.301(3), and no error was reported by the machine.  Pursuant to Rule 2.306(h), I caused the machine to print a record of the transmission and attached it to the document contained in our file, a copy of which is available upon request.

_____ **BY PERSONAL SERVICE**:  I caused such envelope to be delivered by hand to the offices of the addressee.

__√__ **BY ELECTRONIC TRANSMISSION ONLY:**  Service is completed by e-mail of the document(s) to the person at the e-mail address(es) listed on the attached service list, based on notice provided on March 18, 2020 that, during the Coronavirus (COVID-19) pandemic, this office will be working remotely, not able to send physical mail as usual, and is therefore only using electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after transmission.

_____ **BY FEDERAL EXPRESS**:  I caused a courtesy copy of the aforementioned document to be delivered by overnight mail via Federal Express to the representatives on the attached Service List.

__√__ **STATE**:  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____ **FEDERAL**:  I declare under penalty of perjury in accordance with 28 U.S.C. Section 1746 that the foregoing is true and correct.

      Executed on February 22, 2022, at Irvine, California.

_____
Stacy Smith

Z:\Tayag v. Costco\PLEADINGS\Defendant\Answer.docx

7

**ANSWER TO COMPLAINT**

1

## SERVICE LIST

2

3
**TAYAG V. COSTCO, ET AL.**
**OUR FILE NO.: 4700.92**

4

5
| Stephano G. Formica, Esq. | Attorneys for Plaintiff ARACELI TAYAG |
| Formica Law Group, APC | (323) 272-3334 |
| 619 South La Brea Ave. | Fax: (323) 272-3926 |
| Los Angeles, CA 90036 | **sformica@formicalawgroup.com** |

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ANSWER TO COMPLAINT**

Z:\Tayag v.
Costco\PLEADINGS\Defend
ant\Answer.docx

Electronically Filed by Superior Court of California, County of Orange, 02/22/2022 06:36:00 PM.
30-2021-01233683-CU-PA-CJC - ROA #13 - DAVID H. YAMASAKI, Clerk of the Court By Karla Macias, Deputy Clerk.
Case 8:22-cv-01010 ROA #13 Page 22 of 61 Page ID #:31

DEBORAH S. TROPP, ESQ. – BAR NO. 162613
LAUREN E. RAYA, ESQ. – BAR NO. 322697
CARLY J. ENGLISH, ESQ. – BAR NO. 340721
McNEIL TROPP & BRAUN LLP
2 Park Plaza, Suite 620
Irvine, California 92614
Ph: (949) 259-2890; Fax: (949) 259-2891
dtropp@mtbattprneys.com; lraya@mtbattorneys.com
cenglish@mtbattorneys.com

Attorneys for Defendant COSTCO WHOLESALE CORPORATION

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| ARACELI TAYAG, | CASE NO. 30-2021-01233683-CU-PA-CJC |
|---|---|
| | UNLIMITED CIVIL CASE |
| Plaintiff, | ASSIGNED FOR ALL PURPOSES TO: |
| | JUDGE STEPHANIE GEORGE |
| vs. | DEPARTMENT C24 |
| | **DECLARATION OF TRIAL ATTORNEY** |
| COSTCO WHOLESALE CORPORATION; and DOES 1 to 50, Inclusive, | COMPLAINT FILED: November 29, 2021 |
| Defendants. | |

I, DEBORAH S. TROPP, declare and state as follows:

1.  I am an attorney at law, duly admitted to practice before all the Courts of the State of California. I am a partner with the law firm of McNeil Tropp & Braun LLP, counsel of record for Defendant, COSTCO WHOLESALE CORPORATION (erroneously sued and served herein as COSTCO WHOLESALE).

2.  When this matter was assigned to this law firm, it was assigned to me for all purposes, including trial.

3.  This declarant and no other attorney in this firm is currently, or will be, available and prepared to try this case.

1    4.    Defendant has specifically requested that I be its trial attorney and it will consent to

2    no other.

3    5.    I am making this declaration pursuant to California Rules of Court, Rule 3.1332 (c)

4    (Grounds for Continuance) and (d) (Other Factors to Be Considered).  Specifically, Rule

5    3.1332(d)8, which requires the Court to consider, whether trial counsel is engaged in another trial if

6    presented with a request to continue the trial in this action.

7    I declare under penalty of perjury under the laws of the State of California that the foregoing

8    is true and correct.  Executed this 22nd day of February 2022, at Irvine, California.

9

10   DATED: February 22, 2022                    McNEIL TROPP & BRAUN LLP

11

12                                               By:_____

13                                               DEBORAH S. TROPP
                                                 CARLY J. ENGLISH
14                                               Attorneys for Defendant COSTCO
                                                 WHOLESALE CORPORATION

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**
C.C.P. §1013a, C.R.C. 2.301(3), 2.306

STATE OF CALIFORNIA       )
                                    ) ss.
COUNTY OF ORANGE         )

      I am employed in the aforesaid County, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 2 Park Plaza, Suite 620, Irvine, California 92614.

      On February 22, 2022, I served the foregoing document described as **DECLARATION OF TRIAL ATTORNEY** on the interested parties in this action by:

**Placing ____the original __X__ a true copy thereof, enclosed in a sealed envelope, addressed as follows on the attached SERVICE LIST.**

\_\_\_\_\_  **BY MAIL**:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

\_\_\_\_\_  **BY FACSIMILE TRANSMISSION**:   From FAX No. (949) 259-2891 the facsimile number(s) and addressee(s) stated on the attached SERVICE LIST. The facsimile machine I used complied with Rule 2.301(3), and no error was reported by the machine.  Pursuant to Rule 2.306(h), I caused the machine to print a record of the transmission and attached it to the document contained in our file, a copy of which is available upon request.

\_\_\_\_\_  **BY PERSONAL SERVICE**:  I caused such envelope to be delivered by hand to the offices of the addressee.

\_√\_  **BY ELECTRONIC TRANSMISSION ONLY:**  Service is completed by e-mail of the document(s) to the person at the e-mail address(es) listed on the attached service list, based on notice provided on March 18, 2020 that, during the Coronavirus (COVID-19) pandemic, this office will be working remotely, not able to send physical mail as usual, and is therefore only using electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after transmission.

\_\_\_\_\_  **BY FEDERAL EXPRESS**:  I caused a courtesy copy of the aforementioned document to be delivered by overnight mail via Federal Express to the representatives on the attached Service List.

\_√\_  **STATE**:  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

\_\_\_\_\_  **FEDERAL**:  I declare under penalty of perjury in accordance with 28 U.S.C. Section 1746 that the foregoing is true and correct.

      Executed on February 22, 2022, at Irvine, California.

_____
Stacy Smith

3
**DECLARATION OF TRIAL ATTORNEY**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SERVICE LIST

**TAYAG V. COSTCO, ET AL.**
**OUR FILE NO.: 4700.92**

| | |
|---|---|
| Stephano G. Formica, Esq.<br>Formica Law Group, APC<br>619 South La Brea Ave.<br>Los Angeles, CA 90036 | Attorneys for Plaintiff ARACELI TAYAG<br>(323) 272-3334<br>Fax: (323) 272-3926<br>**sformica@formicalawgroup.com** |

**DECLARATION OF TRIAL ATTORNEY**

Electronically Filed by Superior Court of California, County of Orange, 02/22/2022 06:36:00 PM.
30-2021-01233683-CU-PA-CJC - ROA # 12 - DAVID H. YAMASAKI, Clerk of the Court By Karla Macias, Deputy Clerk.
Case 8:22-cv-00524 Document 1-2 Filed 03/22/22 Page 26 of 61 Page ID #:35

DEBORAH S. TROPP, ESQ. – BAR NO. 162613
LAUREN E. RAYA, ESQ. – BAR NO. 322697
CARLY J. ENGLISH, ESQ. – BAR NO. 340721
McNEIL TROPP & BRAUN LLP
2 Park Plaza, Suite 620
Irvine, California 92614
Ph: (949) 259-2890; Fax: (949) 259-2891
dtropp@mtbattprneys.com; lraya@mtbattorneys.com
cenglish@mtbattorneys.com

Attorneys for Defendant COSTCO WHOLESALE CORPORATION

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| ARACELI TAYAG,<br><br>Plaintiff,<br><br>vs.<br><br>COSTCO WHOLESALE CORPORATION; and DOES 1 to 50, Inclusive,<br><br>Defendants. | CASE NO. 30-2021-01233683-CU-PA-CJC<br>UNLIMITED CIVIL CASE<br><br>ASSIGNED FOR ALL PURPOSES TO:<br>JUDGE STEPHANIE GEORGE<br>DEPARTMENT C24<br><br>**NOTICE OF POSTING JURY FEES AND DEMAND FOR JURY TRIAL**<br><br>COMPLAINT FILED: November 29, 2021 |

**COMES NOW** Defendant, COSTCO WHOLESALE CORPORATION INC., by and through its attorneys of record, McNeil Tropp & Braun LLP, and hereby demands a jury trial and posts jury fees in the above-captioned matter

DATED: February 22, 2022                     McNEIL TROPP & BRAUN LLP

By: _Carly J English_____
DEBORAH S. TROPP
LAUREN E. RAYA
CARLY J. ENGLISH
Attorneys for Defendant COSTCO
WHOLESALE CORPORATION

1
**DEMAND FOR JURY TRIAL**

**PROOF OF SERVICE**
C.C.P. §1013a, C.R.C. 2.301(3), 2.306

STATE OF CALIFORNIA       )
                               ) ss.
COUNTY OF ORANGE           )

      I am employed in the aforesaid County, State of California.  I am over the age of 18 years and not a party to the within action; my business address is 2 Park Plaza, Suite 620, Irvine, California 92614.

      On February 22, 2022, I served the foregoing document described as **DEMAND FOR JURY TRIAL** on the interested parties in this action by:

**Placing ____the original ___X___ a true copy thereof, enclosed in a sealed envelope, addressed as follows on the attached SERVICE LIST.**

**_____** **BY MAIL**:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day, with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

**_____** **BY FACSIMILE TRANSMISSION**:  From FAX No. (949) 259-2891 the facsimile number(s) and addressee(s) stated on the attached SERVICE LIST. The facsimile machine I used complied with Rule 2.301(3), and no error was reported by the machine.  Pursuant to Rule 2.306(h), I caused the machine to print a record of the transmission and attached it to the document contained in our file, a copy of which is available upon request.

**_____** **BY PERSONAL SERVICE**:  I caused such envelope to be delivered by hand to the offices of the addressee.

**__√__** **BY ELECTRONIC TRANSMISSION ONLY:**  Service is completed by e-mail of the document(s) to the person at the e-mail address(es) listed on the attached service list, based on notice provided on March 18, 2020 that, during the Coronavirus (COVID-19) pandemic, this office will be working remotely, not able to send physical mail as usual, and is therefore only using electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after transmission.

**_____** **BY FEDERAL EXPRESS**:  I caused a courtesy copy of the aforementioned document to be delivered by overnight mail via Federal Express to the representatives on the attached Service List.

**__√__** **STATE**:  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**_____** **FEDERAL**:  I declare under penalty of perjury in accordance with 28 U.S.C. Section 1746 that the foregoing is true and correct.

      Executed on February 22, 2022, at Irvine, California.

_____
Stacy Smith

1

## <u>SERVICE LIST</u>

2

3

**<u>TAYAG V. COSTCO, ET AL.</u>**
**<u>OUR FILE NO.: 4700.92</u>**

4

5

6

7

8

| Stephano G. Formica, Esq. Formica Law Group, APC 619 South La Brea Ave. Los Angeles, CA 90036 | Attorneys for Plaintiff ARACELI TAYAG (323) 272-3334 Fax: (323) 272-3926 **sformica@formicalawgroup.com** |
|---|---|

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3
**DEMAND FOR JURY TRIAL**

# EXHIBIT "C"

STEFANO G. FORMICA, ESQ. SBN 241958
**FORMICA LAW GROUP**
619 S. LA BREA AVENUE,
LOS ANGELES, CA 90036
(323) 272-3334
(323) 2723926
Email: sformica@formicalawgroup.com

Attorneys for Plaintiff, Araceli Tayag

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| **ARACELI TAYAG** | ) CASE NO.: 30-2021-01233683-CU-PA-CJC |
| | ) |
| | ) UNLIMITED CIVIL CASE |
| Plaintiff, | ) |
| vs. | ) **PLAINTIFF ARACELI TAYAG'S** |
| | ) **RESPONSES TO DEFENDANT COSTCO** |
| | ) **WHOLESALE CORPORATION'S FORM** |
| | ) **INTERROGATORIES, SET ONE** |
| **COSTCO WHOLESALE CORPORATION** | ) |
| **and DOES 1 to 50, Inclusive,** | ) |
| | ) |
| Defendant. | ) Complaint Filed: 11-29-21 |
| | ) |

PROPOUNDING PARTY:         Defendant, COSTCO WHOLESALE CORPORATION

RESPONDING PARTY:          Plaintiff, ARACELI TAYAG

SET NUMBER:                One (1)

          COMES NOW, Plaintiff, ARACELI TAYAG, and provides responses to Defendant's

First Set of Form Interrogatories, Set One, as follows:

\\\

\\\

\\\

## PRELIMINARY STATEMENT

These responses are made solely for the purpose of, and in relation to, this action. The following responses are based upon information/materials presently available to Plaintiff and, except for explicit facts admitted herein, no incidental or implied admissions are intended hereby. The fact that Plaintiff responded or objected to any demand should not be taken as an admission that Plaintiff accepts or admits the existence of any facts set forth or assumed by such request, or that such response constitutes admissible evidence. The fact that Plaintiff has responded to part or all of any such interrogatory is not intended and shall not be construed to be a waiver by Plaintiff of all or any part of any objection to any such demand.

To the extent that any or all of the interrogatories call for information which constitutes information or material prepared in anticipation of litigation or for trial, or information or material covered by the work product doctrine, or which constitutes information which is privileged by virtue of the attorney client privilege, Plaintiff objects to each and every demand, and thus, will not supply or render any information or material protected from discovery by virtue of the attorney client privilege, or the work product doctrine.

The party on whose behalf the responses are given has not yet completed its investigation of the facts relating to this action, has not yet completed its discovery in this action, and has not yet completed its preparation for trial.  Consequently, the following responses are given without prejudice to the RESPONDING PARTY'S right to produce, at the time of trial, subsequently discovered evidence, relating to the proof of facts subsequently discovered to be material. Except for facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred.  The fact that a request herein has been responded to should not be taken as an admission, or a concession of the existence, of any facts set forth or assumed by such request, or that such response constitutes evidence of any fact thus set forth or assumed.  All responses must be construed as given on the basis of present recollection.

\\\

\\\

\\\

## RESPONSES TO FORM INTERROGATORIES

**FORM INTERROGATORY NO. 1.1:**

State the name, ADDRESS, telephone number, and relationship to you of each PERSON who prepared or assisted in the preparation of the responses to these interrogatories. (Do not identify anyone who simply typed or reproduced the responses.)

**RESPONSE TO FORM INTERROGATORY NO. 1.1:**

Plaintiff and counsel at the Formica Law Group, 619 S. La Brea Ave. Los Angeles, California, 90036.

**FORM INTERROGATORY NO. 2.1:**

State:

(a)     your name.

(b)     every name you have used in the past; and

(c)     the dates you used each name.

**RESPONSE TO FORM INTERROGATORY NO. 2.1:**

(a)     Araceli Angela Tayag, No other names since birth.

**FORM INTERROGATORY NO. 2.2:**

State the date and place of your birth.

**RESPONSE TO FORM INTERROGATORY NO. 2.2:**

October 19, 1949, Pampanga, Philippines.

**FORM INTERROGATORY NO. 2.3:**

At the time of the INCIDENT, did you have a driver's license?  If so, state: the state or other issuing entity.

(a)     the license number and type.

(b)     the date of issuance; and

(c)     all restrictions.

**RESPONSE TO FORM INTERROGATORY NO. 2.3:**

(a) – (c) Not applicable since Plaintiff was not operating a vehicle.

\\\

**FORM INTERROGATORY NO. 2.4:**

At the of the INCIDENT, did you have any other permit or license for the operation of a motor vehicle? If so state:

(a)     the state or other issuing entity.

(b)     the license number and type.

(c)     the date of issuance; and

(d)     all restrictions.

**RESPONSE TO FORM INTERROGATORY NO. 2.4:**

**(a)** – (d) Not applicable since Plaintiff was not operating the vehicle.

**FORM INTERROGATORY NO. 2.5:**

State:

(a)     your present residence addresses.

(b)     your residence ADDRESSES for the past five years; and

(c)     the date you lived at each ADDRESS.

**RESPONSE TO FORM INTERROGATORY NO. 2.5:**

(a) – (c ) 24922 Muirlands Blvd., #156, Lake Forest, California 92630.

(d)     Since December 2018.

**FORM INTERROGATORY NO. 2.6:**

State:

(a)     the name, ADDRESS, and telephone number of your present employer or place of self-employment; and

(b)     the name, ADDRESS, dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the INCIDENT until today.

**RESPONSE TO FORM INTERROGATORY NO. 2.6:**

(a) Freedom Village / Casa Pacifica, 23442 El Toro Road, Lake Forest, California 92630.

(b) Caregiver, since February 9, 2009.

\\\

---

PLAINTIFF ARACELI TAYAG'S RESPONSES TO DEFENDANT COSTCO WHOLESALE CORPORATION'S FORM INTERROGATORIES, SET ONE

4

**FORM INTERROGATORY NO. 2.7:**

State:

(a)     the name and ADDRESS of each school or other academic or vocational institution you have attended, beginning with high school.

(b)     the dates you attended.

(c)     the highest-grade level you have completed; and

(d)     the degrees received.

**RESPONSE TO FORM INTERROGATORY NO. 2.7:**

St. Joseph Academy, 3P7G+M23, Pampanga, Philippines.

From 1963 – 1967. High School degree.

**FORM INTERROGATORY NO. 2.8:**

Have you ever been convicted of a felony?  If so, for each conviction state:

(a)     the city and state where you were convicted.

(b)     the date of conviction.

(c)     the offense; and

(d)     the court and case number.

**RESPONSE TO FORM INTERROGATORY NO. 2.8:**

Objection. This Request is objected to as seeking information that is not reasonably calculated to lead to the discovery of admissible evidence.  This Request is also objected to as invading Plaintiff's Right to Privacy.  Subject to said objections and without waiving the same, No.

**FORM INTERROGATORY NO. 2.9:**

Can you speak English with ease?  If not, what language and dialect do you normally use?

**RESPONSE TO FORM INTERROGATORY NO. 2.9:**

Yes.

\\\

\\\

**FORM INTERROGATORY NO. 2.10:**

Can you read and write English with ease?  If not, what language and dialect do you normally use?

**RESPONSE TO FORM INTERROGATORY NO. 2.10:**

No. Fluent in Tagalog.

**FORM INTERROGATORY NO. 2.11:**

At the time of the INCIDENT were you acting as an agent or employee for any PERSON?  If so, state:

(a)    the name, ADDRESS, and telephone number of that PERSON; and

(b)    a description of your duties.

**RESPONSE TO FORM INTERROGATORY NO. 2.11:**

No.

**FORM INTERROGATORY NO. 2.12:**

At the time of the INCIDENT did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the INCIDENT. If so, for each person state:

(a) The name, ADDRESS, and telephone number.

(b) The name of the disability or condition; and

**(c)**  The manner in which disability or condition contributed to the occurrence of the INCIDENT

**RESPONSE TO FORM INTERROGATORY NO. 2.12:**

Objection: The interrogatory calls for a professional opinion from a lay witness; consequently, the question is oppressive and harassing and without a foundational showing of competence. *Mowry v. Superior Court*, 202 Cal.2d 229 (1962). Responding Party further objects to this interrogatory on the basis that it calls for the evaluation and knowledge of an expert, which shall be provided pursuant to *C.C. P. §2034.210.* No as to Responding Party, unknown to others. Investigation and discovery are ongoing and the responding party reserves the right to supplement and amend this response.

---

**FORM INTERROGATORY NO. 2.13:**

Within 24 hours before the INCIDENT did you or any person involved in the INCIDENT use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)?  If so, for each person state:

(a)     the name, ADDRESS, and telephone number.

(b)     the nature or description of each substance.

(c)     the quantity of each substance used or taken.

(d)     the date and time of day when each substance was used or taken.

(e)     the ADDRESS where each substance was used or taken.

(f)     the name, ADDRESS, and telephone number of each person who was present when each substance was used or taken; and

(g)     the name, ADDRESS, and telephone number of any HEALTH CARE PROVIDER who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

**RESPONSE TO FORM INTERROGATORY NO. 2.13:**

Objection, this Request is objected to as seeking information that is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to said objection and without waiving the same, No as to Responding Party, unknown as to others. Investigation and discovery are ongoing and the responding party reserves the right to supplement and amend this response.

**FORM INTERROGATORY NO. 4.1:**

At the time of the INCIDENT, was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the INCIDENT?  If so, for each policy state:

(a)     the kind of coverage.

(b)     the name and ADDRESS of the insurance company.

(c)     the name, ADDRESS, and telephone number of each named insured.

(d)     the policy numbers.

(e)     the limits of coverage for each type of coverage contained in the policy.

(f)    whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and

(g)    the name, ADDRESS, and telephone number of the custodian of the policy.

**RESPONSE TO FORM INTERROGATORY NO. 4.1:**

Medicare Part A – 4PY3-FG8-PR81. Anthem Blue Cross ID #SGEFW1165011; Group #276886M007.

**FORM INTERROGATORY NO. 4.2:**

Are you self-insured under any statute for the damages claims, or actions that have arisen out of the INCIDENT? If so, specify the statute.

**RESPONSE TO FORM INTERROGATORY NO. 4.2:**

No.

**FORM INTERROGATORY NO. 6.1:**

Do you attribute any physical, mental, or emotional injuries to the INCIDENT?

**RESPONSE TO FORM INTERROGATORY NO. 6.1:**

Yes.

**FORM INTERROGATORY NO. 6.2:**

Identify each injury you attribute to the INCIDENT and the area of your body affected.

**RESPONSE TO FORM INTERROGATORY NO. 6.2:**

Objection. This Request is objected to as calling for an expert medical opinion. Subject to said objection and without waiving the same, Plaintiff sustained injuries to her body, including right shoulder, head, forehead, foot, left and right knee, and concussion. The defendant is referred to Plaintiff's medical records. Investigation and discovery are ongoing and the responding party reserves the right to supplement and amend this response.

**FORM INTERROGATORY NO. 6.3:**

Do you still have any complaints that you attribute to the INCIDENT?  If so, for each complaint state:

\\\

(a)     a description.

(b)     whether the complaint is subsiding, remaining the same, or becoming worse; and

(c)     the frequency and duration.

**RESPONSE TO FORM INTERROGATORY NO. 6.3:**

a.     Shoulder and head pain.

b.     Getting better, but still there.

c.     Sharp shoulder and head pain disturbing sleep three to four times a week.

Investigation and discovery are ongoing and responding party reserves the right to supplement and amend this response.

**FORM INTERROGATORY NO. 6.4:**

Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure sections 2034.210-2034.310) or treatment from a HEALTH CARE PROVIDER for any injury you attribute to the INCIDENT?  If so, for each HEALTH CARE PROVIDER state:

(a)     the name, ADDRESS, and telephone number.

(b)     the type of consultation, examination, or treatment provided.

(c)     the dates you received consultation, examination, or treatment; and

(d)     the charges to date.

**RESPONSE TO FORM INTERROGATORY NO. 6.4:**

Objection. This Request is objected to as seeking information that is obtained in anticipation of litigation and protected by the work-product doctrine.  Subject to said objection and without waiving the same, yes.

1)     Jonathan Eskenazi, M.D., Neurological Institution of Los Angeles; 6363 Wilshire Blvd., Suite 516, Los Angeles, California 90048; (213) 224-7063. $ 28,050.00

2)     Community Orthopedic Medical Group; 26401 Crown Valley Parkway, Suite 101, Mission Viejo, California 92691; (949) 348-4000. Dates of treatment 10/15/20; 11/04/20; 11/13/20; 11/18/20; 11/23/20; 1/12/21; 2/23/21. $4,524.00.

3)      John C. Hwang, M.D., Retina Associates of Orange County; 23521 Paeo deValencia, Suite 207, Laguna Hills, California 92653. (949)707-5125. Dates of treatment 10/30/20; 11/06/20; 11/20/20. $ 1,028.00.

4)      Mahdu Katakia; 1532 W. Yale Ave., Orange, California 92867. (714) 997-5614. Date of service April 13, 2021. $1,800.00.

5)      La Paz Chiropractic and Rehabilitation, Inc., 25251 Paseo de Alicia, Suite 204, Laguna Hills, California 92653. Dates of treatment 2/23/21; 3/09/21; 3/10/21; 3/16/21; 3/23/21; 4/6/21; 4/07/21; 4/14/21; 4/20/21; 4/21/221; 4/27/21; 4/28/21; 5/06/21; 5/11/21; 5/13/21; 5/20/21; 5/25/21; 5/27/21; 6/01/21; 6/02/21; 6/08/21; 6/09/21. (949) 770-8767. $ 4,327.00.

6)      St. Joseph Health; Mission Internal Medical Group; 26800 Crown Valley Pkwy., Suite 315, Mission Viejo, California 92691; (949) 364-6000. $ 19,106.53

7)      Crown Valley Radiology, Inc.; Date of treatment 11/13/2020. $1,082.28.

8)      Nila; Neurological Institute of Los Angeles; 510 Alvarado St., Los Angeles, California 90057; (213) 224-7063; $9,050.00.

9)      Coast Radiology Imaging and Intervention, Inc.; P.O. Box 1945, Indianapolis, IN 46206; date of service October 14, 2020; $587.00.

10)     EXPERTMRI 9500 Artesia Blvd., Bellflower, California 90706; MRI of brain; date of service March 17, 2021; $1,605.00.

11)     Care Ambulance Services; date of service October 14, 2020; $1,384.20.

12)     Professional Physical Therapy, 26471 Crown Valley Parkway #200, Mission Viejo, California 92691; (888) 520-9330. Dates of treatment, 10/20/20; 10/21/20; 10/22/20; 10/27/20; 10/28/20; 11/02/20; 11/04/20; 11/10/20; 11/12/20; 11/17/20; 12/01/20; 12/10/20; 12/11/20; 12/15/20; 12/16/20; 12/20/20.  $3,310.00.

13)     Yuvraj Grewal, M.D., Advanced Center for Neurology & Headache; 23861 McBean Parkway, Suite A4, Valencia, California 91355; (661)888-1099. Date of service 10/22/21; $1,750.00.

Respondent is referred to Plaintiff's medical records, which have been attached to Plaintiff's Response to Respondent's Request for Production of Documents. Investigation and

discovery are ongoing and the responding party reserves the right to supplement and amend this response.

**FORM INTERROGATORY NO. 6.5:**

Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the INCIDENT?  If so, for each medication state:

(a)      the name.

(b)      the PERSON who prescribed or furnished it.

(c)      the date it was prescribed or furnished.

(d)      the dates you began and stopped taking it; and

(e)      the cost to date.

**RESPONSE TO FORM INTERROGATORY NO. 6.5:**

Objection: The interrogatory calls for a professional opinion from a lay witness; consequently, the question is oppressive and harassing and without a foundational showing of competence. *Mowry v. Superior Court*, 202 Cal.2d 229 (1962). Responding Party further objects to this interrogatory on the basis that it calls for the evaluation and knowledge of an expert, which shall be provided pursuant to *C.C. P. §2034.210.*  However, without waiving said objections, Yes. Responding Party refers to her medical records, which have been attached to Plaintiff's Response to Defendant's Request for Production of Documents. Investigation and discovery are ongoing and the responding party reserves the right to supplement and amend this response.

**FORM INTERROGATORY NO. 6.6:**

Are there any other medical services necessitated by the injuries that you attribute to the INCIDENT that were not previously listed (for example, ambulance, nursing, prosthetics)?  If so, for each service state:

(a)      the nature.

(b)      the date.

(c)      the cost; and

(d)      the name, ADDRESS, and telephone number of each provider.

---

**RESPONSE TO FORM INTERROGATORY NO. 6.6:**

Objection: The interrogatory calls for a professional opinion from a lay witness; consequently, the question is oppressive and harassing and without a foundational showing of competence. *Mowry v. Superior Court*, 202 Cal.2d 229 (1962). Responding Party further objects to this interrogatory on the basis that it calls for the evaluation and knowledge of an expert, which shall be provided pursuant to *C.C. P. §2034.210.* However, without waiving the foregoing objections, Responding Party responds as follows: No.

Investigation and discovery are ongoing and the responding party reserves the right to supplement and amend this response.

**FORM INTERROGATORY NO. 6.7:**

Has any HEALTH CARE PROVIDER advised that you may require future or additional treatment for any injuries that you attribute to the INCIDENT?  If so, for each injury state:

(a)  the name and ADDRESS of each HEALTH CARE PROVIDER.

(b)  the complaints for which the treatment was advised; and

(c)  the nature, duration, and estimated cost of the treatment.

**RESPONSE TO FORM INTERROGATORY NO. 6.7:**

Objection: The interrogatory calls for a professional opinion from a lay witness; consequently, the question is oppressive and harassing and without a foundational showing of competence. *Mowry v. Superior Court*, 202 Cal.2d 229 (1962). Responding Party further objects to this interrogatory on the basis that it calls for the evaluation and knowledge of an expert, which shall be provided pursuant to *C.C. P. §2034.210.* However, without waiving the foregoing objections, Responding Party responds as follows: Yes. Per Dr. Burdi Plaintiff will benefit from rotator cuff repair surgery. Investigation and discovery are ongoing and the responding party reserves the right to supplement and amend this response.

**FORM INTERROGATORY NO. 7.1:**

Do you attribute any loss or damage to a vehicle or other property to the INCIDENT?  If so, for each item of property:

\\\

(a)      describe the property.

(b)      describe the nature and location of the damage to the property.

(c)      state the amount of damage you are claiming for each item of property and how the amount was calculated; and

(d)      if the property was sold, state the name, ADDRESS, and telephone number of the seller, the date of sale, and the sale price.

**RESPONSE TO FORM INTERROGATORY NO. 7.1:**

No.

**FORM INTERROGATORY NO. 7.2:**

Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory?  If so, for each estimate or evaluation state:

(a)      the name, ADDRESS, and telephone number of the PERSON who prepared it and the date prepared.

(b)      the name, ADDRESS, and telephone number of each PERSON who has a copy of it; and

(c)      the amount of damage stated.

**RESPONSE TO FORM INTERROGATORY NO. 7.2:**

Not applicable.

**FORM INTERROGATORY NO. 7.3:**

Has any item of property referred to in your answer to interrogatory 7.1 been repaired?  If so, for each item state:

(a)      the date repaired.

(b)      a description of the repair.

(c)      the repair cost.

(d)      the name, ADDRESS, and telephone number of the PERSON who repaired it.

(e)      the name, ADDRESS, and telephone number of the PERSON who paid for the repair.

**RESPONSE TO FORM INTERROGATORY NO. 7.3:**

Not applicable.

---

**FORM INTERROGATORY NO. 8.1:**

Do you attribute any loss of income or earning capacity to the INCIDENT?

**RESPONSE TO FORM INTERROGATORY NO. 8.1-8.8:**

Yes

**FORM INTERROGATORY NO. 8.2:**

State:

(a)      the nature of your work;

(b)      your job title at the time of the INCIDENT; and

(c)      the date your employment began.

**RESPONSE TO FORM INTERROGATORY NO. 8.2:**

(a)      Caregiver;

(b)      Caregiver; and

(c)      Responding party is obtaining this information and will supplement her response accordingly. Investigation and discovery continue. Responding Party reserves the right to amend this response upon obtaining additional information.

**FORM INTERROGATORY NO. 8.3:**

State the last date before the INCIDENT that you worked for compensation.

**RESPONSE TO FORM INTERROGATORY NO. 8.3:**

October 13, 2020.

**FORM INTERROGATORY NO. 8.4:**

State your monthly income at the time of the INCIDENT and how the amount was calculated.

**RESPONSE TO FORM INTERROGATORY NO. 8.4:**

Objection: The interrogatory calls for a professional opinion from a lay witness; consequently, the question is oppressive and harassing and without a foundational showing of competence. *Mowry v. Superior Court*, 202 Cal.2d 229 (1962). Responding Party further objects, to this interrogatory on the basis that it calls for the evaluation and knowledge of an expert, which shall be provided pursuant to *C.C. P. §2034.210.*

---

However, without waiving the foregoing objections, Responding Party was earning $15 per hour plus overtime, her hours varied per pay period. Responding Party is in the process of obtaining additional payroll records and will supplement her response accordingly. Investigation and discovery continue. Responding Party reserves the right to amend this response upon obtaining additional information.

**FORM INTERROGATORY NO. 8.5:**

State the date you returned to work at each place of employment following the INCIDENT.

**RESPONSE TO FORM INTERROGATORY NO. 8.5:**

August 26, 2021.

**FORM INTERROGATORY NO. 8.6:**

State the dates you did not work and for which you lost income as a result of the INCIDENT.

**RESPONSE TO FORM INTERROGATORY NO. 8.6:**

October 14, 2020 – August 26, 2021.

**FORM INTERROGATORY NO. 8.7:**

State the total income you have lost to date as a result of the INCIDENT and how the amount was calculated.

**RESPONSE TO FORM INTERROGATORY NO. 8.7:**

Objection: The interrogatory calls for a professional opinion from a lay witness; consequently, the question is oppressive and harassing and without a foundational showing of competence. *Mowry v. Superior Court*, 202 Cal.2d 229 (1962). Responding Party further objects, to this interrogatory on the basis that it calls for the evaluation and knowledge of an expert, which shall be provided pursuant to *C.C. P. §2034.210.* However, without waiving the foregoing objections, Responding Party was averaging thirty (30) hours per week at $15 per hour for forty-five (45) weeks, in the amount of approximately $20,250.00. Investigation and discovery continue. Responding Party reserves the right to amend this response upon obtaining additional information.

\\\

**FORM INTERROGATORY NO. 8.8:**

Will you lose income in the future as a result of the INCIDENT? If so, state:

(a)      the facts upon which you base this contention;

(b)      an estimate of the amount;

(c)      an estimate of how long you will be unable to work; and

(d)      how the claim for future income is calculated,

**RESPONSE TO FORM INTERROGATORY NO. 8.8:**

Objection: The interrogatory calls for a professional opinion from a lay witness; consequently, the question is oppressive and harassing and without a foundational showing of competence. *Mowry v. Superior Court*, 202 Cal.2d 229 (1962). Responding Party further objects, to this interrogatory on the basis that it calls for the evaluation and knowledge of an expert, which shall be provided pursuant to *C.C. P. §2034.210*. However, without waiving the foregoing objections, future treatment has been recommended. Cost, length, recovery, and lost wages are presently unknown. Investigation and discovery continue. Responding Party reserves the right to amend this response upon obtaining additional information.

**FORM INTERROGATORY NO. 9.1:**

Are there any other damages that you attribute to the INCIDENT?  If so, for each item of damage state:

(a)      the nature.

(b)      the date it occurred.

(c)      the amount; and

(d)      the name, ADDRESS, and telephone number of each PERSON to whom an obligation was incurred.

**RESPONSE TO FORM INTERROGATORY NO. 9.1:**

No.

\\\

\\\

**FORM INTERROGATORY NO. 9.2:**

Do any DOCUMENTS support the existence or amount of any item of damages claimed in interrogatory 9.1?  If so, describe each document and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

**RESPONSE TO FORM INTERROGATORY NO. 9.2:**

No.

**FORM INTERROGATORY NO. 10.1:**

At any time before the INCIDENT did you have any complaints or injuries that involved the same part of your body claimed to have been injured in the INCIDENT?  If so, for each state:

(a)     a description of the complaint or injury.

(b)     the dates it began and ended; and

(c)     the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER whom you consulted or who examined you.

**RESPONSE TO FORM INTERROGATORY NO. 10.1:**

Objection: The interrogatory calls for a professional opinion from a lay witness; consequently, the question is oppressive and harassing and without a foundational showing of competence. *Mowry v. Superior Court*, 202 Cal.2d 229 (1962). Responding Party further objects to this interrogatory on the basis that it calls for the evaluation and knowledge of an expert, which shall be provided pursuant to *C.C. P. §2034.210.*   However, without waiving said objections: No. Investigation and discovery are ongoing and the responding party reserves the right to supplement and amend this response.

**FORM INTERROGATORY NO. 10.2:**

List all physical, mental, and emotional disabilities you had immediately before the INCIDENT.  (You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT.)

\\\

\\\

**RESPONSE TO FORM INTERROGATORY NO. 10.2:**

Objection: The interrogatory calls for a professional opinion from a lay witness; consequently, the question is oppressive and harassing and without a foundational showing of competence. *Mowry v. Superior Court*, 202 Cal.2d 229 (1962). Responding Party further objects to this interrogatory on the basis that it calls for the evaluation and knowledge of an expert, which shall be provided pursuant to *C.C. P. §2034.210.* None.

**FORM INTERROGATORY NO. 10.3:**

At any time after the INCIDENT, did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:

    (a)     the date and place it occurred.

    (b)     the name, ADDRESS, and telephone number of any other PERSON involved.

    (c)     the nature of any injuries you sustained.

    (d)     the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER who you consulted or who examined or treated you; and

    (e)     the nature of the treatment and its duration.

**RESPONSE TO FORM INTERROGATORY NO. 10.3:**

Objection: The interrogatory calls for a professional opinion from a lay witness; consequently, the question is oppressive and harassing and without a foundational showing of competence. *Mowry v. Superior Court*, 202 Cal.2d 229 (1962). Responding Party further objects to this interrogatory on the basis that it calls for the evaluation and knowledge of an expert, which shall be provided pursuant to *C.C. P. §2034.210.* However, without waiving said objections: No. Investigation and discovery are ongoing and the responding party reserves the right to supplement and amend this response.

**FORM INTERROGATORY NO. 11.1:**

Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:

---

(a)     the date, time, and place and location (closest street ADDRESS or intersection) of the INCIDENT giving rise to the action, claim, or demand.

(b)     the name, ADDRESS, and telephone number of each PERSON against whom the claim or demand was made, or the action filed.

(c)     the court, names of the parties, and case number of any action filed.

(d)     the name, ADDRESS, and telephone number of any attorney representing you.

(e)     whether the claim or action has been resolved or is pending; and

(f)     a description of the injury.

**RESPONSE TO FORM INTERROGATORY NO. 11.1:**

No.

**FORM INTERROGATORY NO. 11.2:**

In the past 10 years have you made a written claim or demand for workers' compensation benefits?  If so, for each claim or demand state:

(a)     the date, time, and place of the INCIDENT giving rise to the claim.

(b)     the name, ADDRESS, and telephone number of your employer at the time of the injury.

(c)     the name, ADDRESS, and telephone number of the workers' compensation insurer and the claim number.

(d)     the period of time during which you received workers' compensation benefits.

(e)     a description of the injury.

(f)     the name, ADDRESS, and telephone number of any HEALTH CARE PROVIDER who provided services; and

(g)     the case number at the Workers' Compensation Appeals Board.

**RESPONSE TO FORM INTERROGATORY NO. 11.2:**

No.

**FORM INTERROGATORY NO. 12.1:**

State the name, ADDRESS, and telephone number of each individual:

(a)    who witnessed the INCIDENT or the events occurring immediately before or after the INCIDENT.

(b)    who made any statement at the scene of the INCIDENT.

(c)    who heard any statements made about the INCIDENT by any individual at the scene; and

(d)    who YOU OR ANYONE ACTING ON YOUR BEHALF claim has knowledge of the INCIDENT (except for expert witnesses covered by Code of Civil Procedure section 2034).

**RESPONSE TO FORM INTERROGATORY NO. 12.1:**

Objection this Request is objected to as seeking information obtained in anticipation of litigation and protected by the work-product doctrine. This Request is also objected to as seeking confidential information under the attorney-client privilege. Subject to said objection, and without waiving the same,

(a) Responding Parties husband, Jesus N. Tayag.

Investigation and discovery are ongoing and the responding party reserves the right to supplement and amend this response.

**FORM INTERROGATORY NO. 12.2:**

Have YOU OR ANYONE ACTING ON YOUR BEHALF interviewed any individual concerning the INCIDENT?  If so, for each statement state:

(a)    the name, ADDRESS, and telephone number of the individual interviewed.

(b)    the date of the interview; and

(c)    the name, ADDRESS, and telephone number of the PERSON who conducted the interview.

**RESPONSE TO FORM INTERROGATORY NO. 12.2:**

Objection. This Request is objected to as seeking information obtained in anticipation of litigation and protected by the work-product doctrine. This Request is also objected to as seeking confidential information under the attorney-client privilege and work product. Without waiver of the objection, None.

**FORM INTERROGATORY NO. 12.3:**

Have YOU OR ANYONE ACTING ON YOUR BEHALF obtained a written or recorded statement from any individual concerning the INCIDENT?  If so, for each statement state:

(a)    the name, ADDRESS, and telephone number of the individual from whom the statement was obtained.

(b)    the name, ADDRESS, and telephone number of the individual who obtained the statement.

(c)    the date the statement was obtained; and

(d)    the name, ADDRESS, and telephone number of each PERSON who has the original statement or a copy.

**RESPONSE TO FORM INTERROGATORY NO. 12.3:**

Objection. This Request is objected to as seeking information obtained in anticipation of litigation and protected by the work-product doctrine. Work product. Subject to said objection, and without waiving the same, No.

**FORM INTERROGATORY NO. 12.4:**

Do YOU OR ANYONE ACTING ON YOUR BEHALF know of any photographs, films, or videotapes depicting any place, object, or individual concerning the INCIDENT or Plaintiff's injuries?  If so, state:

(a)    the number of photographs or feet of film or videotape.

(b)    the places, objects, or persons photographed, filmed, or videotaped.

(c)    the date the photographs, films, or videotapes were taken.

(d)    the name, ADDRESS, and telephone number of the individual taking the photographs, films, or videotapes; and

(e)    the name, ADDRESS, and telephone number of each PERSON who has the original or a copy of the photographs, films, or videotapes.

\\\

\\\

**RESPONSE TO FORM INTERROGATORY NO. 12.4:**

(a) – (e)       Eleven photos of Plaintiff's injuries. The photos were taken the day of the incident as well as a few days later. Said photos were taken by Plaintiff's husband Jesus N. Tayag.

Investigation and discovery are ongoing and the responding party reserves the right to supplement and amend this response.

**FORM INTERROGATORY NO. 12.5:**

Do YOU OR ANYONE ACTING ON YOUR BEHALF know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210-2034.310) concerning the INCIDENT? If so, for each item state:

(a)       the type (i.e., diagram, reproduction, or model).

(b)       the subject matter; and

(c)       the name, ADDRESS, and telephone number of each PERSON who has it.

**RESPONSE TO FORM INTERROGATORY NO. 12.5:**

None that Responding Party is aware.

**FORM INTERROGATORY NO. 12.6:**

Was a report made by any PERSON concerning the INCIDENT?  If so, state:

(a)       the name, title, identification number, and employer of the PERSON who made the report.

(b)       The date and type of report made.

(c)       The name, ADDRESS, and telephone number of the PERSON for whom the report was made; and

(d)       The name, ADDRESS, and telephone number of each PERSON who has the original or a copy of the report.

**RESPONSE TO FORM INTERROGATORY NO. 12.6:**

Yes. Incident Report made by Costco.

**FORM INTERROGATORY NO. 12.7:**

Have YOU OR ANYONE ACTING ON YOUR BEHALF inspected the scene of the INCIDENT?  If so, for each inspection state:

(a)     the name, ADDRESS, and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210-2034.310); and

(b)     the date of the inspection.

**RESPONSE TO FORM INTERROGATORY NO. 12.7:**

No.

**FORM INTERROGATORY NO. 13.1:**

Have YOU OR ANYONE ACTING ON YOUR BEHALF conducted surveillance of any individual involved in the INCIDENT or any party to this action? If so, for each surveillance state:

(a) The name, address and telephone number of the individual or party.

(b) The time, date and place of surveillance.

(c) The name, address and telephone number of the individual who conducted the surveillance; and

(d) The name, address and telephone number of each person who has the original or copy of any surveillance photograph, film or videotape.

**RESPONSE TO FORM INTERROGATORY NO. 13.1:**

No.

**FORM INTERROGATORY NO. 13.2:**

Has a written report been prepared on the surveillance? If so, for each written report state:

(a) The title.

(b) The date.

\\\

---

(c) The name, address and telephone number of the individual who prepared the report; and

(d) The name, address and telephone number of each person who has the original or a copy.

**RESPONSE TO FORM INTERROGATORY NO. 13.2:**

No.

**FORM INTERROGATORY NO. 14.1:**

Do YOU OR ANYONE ACTING ON YOUR BEHALF contend that any PERSON involved in the INCIDENT violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the INCIDENT?  If so, identify the name, ADDRESS, and telephone number of each PERSON and the statute, ordinance, or regulation that was violated.

**RESPONSE TO FORM INTERROGATORY NO. 14.1:**

Objection: The interrogatory calls for a professional opinion from a lay witness; consequently, the question is oppressive and harassing and without a foundational showing of competence. *Mowry v. Superior Court*, 202 Cal.2d 229 (1962). Responding Party further objects to this interrogatory on the basis that it calls for the evaluation and knowledge of an expert, which shall be provided pursuant to *C.C. P. §2034.210*.  No.

**FORM INTERROGATORY NO. 14.2:**

Was any PERSON cited or charged with a violation of any statute, ordinance, or regulation as a result of this INCIDENT?  If so, for each PERSON state:

(a)    the name, ADDRESS, and telephone number of the PERSON.

(b)    the statute, ordinance, or regulation allegedly violated.

(c)    whether the PERSON entered a plea in response to the charge and, if so, the plea entered; and

(d)    the name and ADDRESS of the court or administrative agency, names of the parties, and case number.

\\\

\\\

---

1   **RESPONSE TO FORM INTERROGATORY NO. 14.2:**

2   No.

3   DATED: April 20, 2022                    **FORMICA LAW GROUP**

4

5                                            BY: _____

6                                            STEFANO FORMICA ESQ.

7                                            Attorneys for Plaintiff
                                             ARACELI TAYAG

## **PROOF OF SERVICE**

### **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 619 S. La Brea Avenue, Los Angeles, CA 90036.

On **April 20, 2022**, I served true copies of the following document(s) described as **PLAINTIFF ARACELI TAYAG'S RESPONSES TO DEFENDANT COSTCO WHOLESALE CORPORATION'S FORM INTERROGATORIES, SET ONE,** on the interested parties in this action as follows:

☐**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed on the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Formica Law Group's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐**BY MESSENGER SERVICE**: I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed on the Service List and providing them to a professional messenger service for service.

☐**BY PERSONAL SERVICE**: I personally delivered the document(s) to the persons at the addresses listed on the Service List. (1) for a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the document(s) in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office, between the hours of nine in the morning and five in the evening. (2) For a party, delivery was made to the party or by leaving the document(s) at the party's residence with some person not younger than 18 years of age between the hours of eight in the morning and six in the evening.

☐**BY FACSIMILE**: Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the persons at the fax numbers listed on the Service List. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed, is attached.

☑**BY ELECTRONIC TRANSMISSION**: I transmitted a PDF version of this document by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) indicated.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **April 20, 2022**, at Los Angeles, California.

_____
**Christine Assali**
**Paralegal**

---

## <u>SERVICE LIST</u>

DEBORAH S. TROPP, ESQ.
CARLY J. ENGLISH, ESQ.
MCNEIL, TROPP & BRAUN, LLP
2 Park Plaza, Suite 620
Irvine, California 92614
Telephone: (949) 259-2890
Facsimile: (949) 259-2891
Emails: dtropp@mtbattorneys.com; cenglish@mtbattorneys.com

*Attorneys for Defendant,*
*COSTCO WHOLESALE CORPORATION*

---

# EXHIBIT "D"

1  DEBORAH S. TROPP, ESQ. – BAR NO. 162613
   LAURA G. LOPEZ, ESQ. – BAR NO. 318514
2  McNEIL TROPP & BRAUN LLP
   2 Park Plaza, Suite 620
3  Irvine, California 92614
   Ph: (949) 259-2890; Fax: (949) 259-2891
4  dtropp@mtbattprneys.com; llopez@mtbattorneys.com

5  Attorneys for Defendant COSTCO WHOLESALE CORPORATION

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9            COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

10

11  ARACELI TAYAG,                          | CASE NO. 30-2021-01233683-CU-PA-CJC
                                            | UNLIMITED CIVIL CASE
12
                                            | ASSIGNED FOR ALL PURPOSES TO:
13              Plaintiff,                   | JUDGE STEPHANIE GEORGE
                                            | DEPARTMENT C24
14       vs.

15                                          | **DEFENDANT'S NOTICE TO ADVERSE
                                            | PARTIES OF DEFENDANT'S REMOVAL**
16  COSTCO WHOLESALE CORPORATION; and       | **OF CASE TO FEDERAL COURT**
    DOES 1 to 50, Inclusive,                | **UNDER 28 U.S.C § 1441(a)**
17                                          | **(DIVERSITY)**

18              Defendants.

19                                          | COMPLAINT FILED: November 29, 2021

20

21

22  **TO PLAINTIFF, ARACELI TAYAG, AND TO HER COUNSEL OF RECORD:**

          **NOTICE   IS   HEREBY   GIVEN**  that   Defendant,   COSTCO   WHOLESALE
23
    CORPORATION, a Corporation, has filed a Notice of Removal of the above-captioned action, a
24
    copy of which is attached hereto (without exhibits), with the United States District Court for the
25
    Central District of California, Southern Division.
26
    ///
27
    ///
28

                                             1
                           **NOTICE TO ADVERSE PARTIES**

1     **PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. § 1446(d) the filing of

2   said Notice in the United States District Court, together with the filing of said Notice with this

3   Court, effects the removal of this action and the above-captioned Court may proceed no further

4   unless and until the case has been remanded.

5   DATED: May 19, 2022                          McNEIL TROPP & BRAUN LLP

6

7                                                By:_____

8                                                DEBORAH S. TROPP
                                                 LAURA B. LOPEZ
                                                 Attorneys for Defendant COSTCO
9                                                WHOLESALE CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE TO ADVERSE PARTIES**

**PROOF OF SERVICE**
C.C.P. §1013a, C.R.C. 2.301(3), 2.306

STATE OF CALIFORNIA )
) ss.
COUNTY OF ORANGE )

I am employed in the aforesaid County, State of California. I am over the age of 18 years and not a party to the within action; my business address is 2 Park Plaza, Suite 620, Irvine, California 92614.

On May 19, 2022, I served the foregoing document described as **DEFENDANT'S NOTICE TO ADVERSE PARTIES OF DEFENDANT'S REMOVAL OF CASE TO FEDERAL COURT UNDER 28 U.S.C § 1441(a)  (Diversity)** on the interested parties in this action by:

__√__ **BY ELECTRONIC TRANSMISSION ONLY:**  Service is completed by e-mail of the document(s) to the person at the e-mail address(es) listed on the attached service list, based on notice provided on March 18, 2020 that, during the Coronavirus (COVID-19) pandemic, this office will be working remotely, not able to send physical mail as usual, and is therefore only using electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after transmission.

__√__ **STATE**:  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 19, 2022, at Irvine, California.

Barbara Biggins

3
**NOTICE TO ADVERSE PARTIES**

1

## SERVICE LIST

2

3
**TAYAG V. COSTCO, ET AL.**
**OUR FILE NO.: 4700.92**

4

| | |
|---|---|
| Stephano G. Formica, Esq. | Attorneys for Plaintiff ARACELI TAYAG |
| Formica Law Group, APC | (323) 272-3334 |
| 619 South La Brea Ave. | Fax: (323) 272-3926 |
| Los Angeles, CA 90036 | **sformica@formicalawgroup.com** |

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4
**NOTICE TO ADVERSE PARTIES**